*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DUNN, Minors.

UNPUBLISHED
October 23, 2025
1:53 PM

No. 373992
Alcona Circuit Court
Family Division
LC No. 23-002754-NA

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Respondent is the biological mother to the three children who were removed from her care by petitioner when it was reported that respondent had, in the past, overdosed on opioids in the presence of the children, did not have proper living arrangements for the children, and had left the children without proper supervision. Respondent entered a plea to the allegations of the petition, and the trial court placed the children in foster care before it terminated respondent's parental rights to those children. We affirm.

## I. BACKGROUND

Petitioner received a report, in February 2023, that one of the children sustained bruising from father holding her up against a wall by her neck, and petitioner filed a petition a few days later that alleged the children had been subjected to father's physical abuse. In addition to that allegation, petitioner also included allegations that respondent had overdosed on drugs in front of the children in 2014, maintained a dirty and unsuitable residence for the children in 2015, allowed one of the children to "wander off" without supervision in 2017, and lived in her car with the children without providing them proper care in 2022. The petition also substantiated that respondent had a criminal history of operating a vehicle while intoxicated from 2021.

The trial court heard arguments regarding the petition, and the trial court informed respondent of her right to have counsel appointed on her behalf. When asked if she would request appointed counsel, respondent answered "Yes. But I am also willing to answer any questions that you have."

-1-

Respondent was appointed counsel at the next hearing, and she entered a plea several months later concerning the allegations in the petition that related to her conduct. Specifically, respondent testified at her plea hearing that she had previously lived out of her car, was now receiving treatment for substance abuse, and was living at her boyfriend's father's house at the time of the hearing. She also stated that her boyfriend's father's house was not a place where she could stay with the three children. Respondent's counsel told the trial court "that should be sufficient for jurisdiction," and respondent confirmed that she had enough time to talk to her counsel about the plea, that she was satisfied with her counsel's representation, that no one promised anything for her plea, that she was not threatened nor coerced, that she understood what she was doing, and that she was pleading freely and voluntarily. The trial court then took jurisdiction over the children under MCL 712A.2(b), and it placed the children in foster care.

After several review hearings, the trial court terminated respondent's parental rights. Respondent now appeals that the trial court erred in removing the children from her care and custody at the adjudication hearing, when she entered her plea.

## II. ANALYSIS

### A. MCL 712A.2(b)

First, respondent argues that the trial court erred because the petition only contained allegations of her past conduct. Respondent did not, however, raise this issue in the trial court and, therefore, it is unpreserved. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Unpreserved issues are subject to review for plain error affecting respondent's substantial rights. *Id*. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

At a preliminary hearing, the trial court "may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019); see MCR 3.965(B). The Michigan Rules of Evidence do not apply during the preliminary hearing. MCR 3.965(B). "If the [trial] court authorizes the petition, the adjudication phase follows." *In re Ferranti*, 504 Mich at 15.

Respondent is specifically arguing that petitioner should not have named her in the petition, and the trial could not authorize the filing of the petition, because there was no showing of probable cause that allegations pertaining to respondent fell within MCL 712A.2(b), which allows the trial court to take jurisdiction over a minor child under the following circumstances:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental

well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

Respondent's argument, that the trial court erred in removing the children from her care because the petition did not allege conduct that was recent regarding her action, is misplaced because the plain language of the statute does not require that the allegations are contained to a specific time period before the petition is filed. Instead, MCL 712A.2(b) requires a showing that the children are subject to a substantial risk of harm, or is in a home or environment that is unfit, because of respondent.

In this case, the trial court was presented with evidence that the children were attending school dirty and that, seven months before the petition, respondent was living in her car with the children. Further, respondent admitted that she was living in a home that was unfit for the children to live. The petition, therefore, contained allegations that respondent-mother had and still was neglecting the children, and the record does not contain a clear or obvious error.

B. MCR 3.965

Next, respondent argues that the trial court erred in placing the children in foster care following their removal from her care. Again, this issue was not preserved in the trial court, so it is subject to plain-error review. *In re TK*, 306 Mich App at 703.

MCR 3.965(B)(12) requires that the trial court must decide whether the children "should remain in the home, be returned home, or be placed in foster care pending trial" after it authorizes the petition. Further, MCR 3.965(B)(13) specifies that once the trial court authorizes the petition, it may release the children to a parent or legal custodian, or may order placement of the children with extended family or foster care after making the determinations specified in MCR 3.965(C).

Respondent argues that the trial court erred in placing the children into foster care because it did not make the requisite findings under MCR 3.965(C)(2), which allows the trial court to place the children in foster care if it finds all of the following:

(a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from the risk as described in subrule (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

Respondent argues that, because the trial court relied on old information about her situation, there was no evidence that the children's custody with her presented a present risk to the children under MCR 3.965(C)(2)(a), and there was no evidence that respondent's home at the time of the petition was contrary to the children's welfare under MCR 3.965(C)(2)(c).

Respondent's argument is misplaced, however, because the record indicates that respondent had a history of unsuitable housing that would harm the children, including living in her car within the year leading up to the petition. Further, respondent stated during her plea that she was not living in a residence suitable for the children. Petitioner also introduced evidence of neglect to the children's hygiene, including the fact that it was reported that the children had a distinct odor when they were at school and had to wash their clothes at school.

Next, respondent argues that she was not offered reasonable efforts to prevent the removal of the children under MCR 3.965(C)(2)(d). The trial court was presented with evidence, however, that mother had participated in relapse prevention classes, parenting classes, and therapy. She also had a safety plan for the children. Further, a case worker testified that respondent was voluntarily engaging in mental health counseling before the children were removed from her care. The trial court held that removal of the children was proper because of respondent's "refusal to cooperate with services" and there is no plain or obvious error on the record concerning that finding.

## C. RESPONDENT'S PLEA

Lastly, respondent argues that she was not adequately informed of her rights before she entered her plea at the adjudication hearing. Respondent did not raise the issue in the trial court so we review for plain error affecting substantial rights. *In re Ferranti*, 504 Mich at 29.

MCR 3.971(B) provides that a respondent must be advised of the following rights before they may enter a plea:

(1) of the allegations in the petition;

(2) of the right to an attorney, if respondent is without an attorney;

(3) that, if the court accepts the plea, the respondent will give up the rights to

(a) trial by a judge or trial by a jury,

(b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,

(c) have witnesses against the respondent appear and testify under oath at the trial,

(d) cross-examine witnesses, and

(e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

(4) of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

(5) if parental rights are subsequently terminated, the obligation to support the child will continue until a court of competent jurisdiction modifies or terminates the obligation, an order of adoption is entered, or the child is emancipated by operation of law. Failure to provide required notice under this subsection does not affect the obligation imposed by law or otherwise establish a remedy or cause of action on behalf of the parent;

(6) that appellate review is available to challenge any errors in the adjudicatory process, which may be challenged in an appeal from the court's initial order of disposition;

(7) that an indigent respondent is entitled to appointment of an attorney to represent the respondent on any appeal as of right and to preparation of transcripts; and

(8) the respondent may be barred from challenging the assumption of jurisdiction in an appeal from an order terminating parental rights if they do not timely file an appeal of the initial dispositional order under MCR 7.204 or a delayed appeal under MCR 3.993(C).

In this case, the trial court did not advise respondent-mother that she was giving up her rights to a trial as required by MCR 3.971(B)(3), that the plea could be used as evidence against her in a termination proceeding as required by MCR 3.971(B)(4), and that she had the right to appellate review as required by MCR 3.971(B)(6). These are "critical aspects of the 'due-process protections' " provided at the adjudication stage. *In re Pederson*, 331 Mich App 445, 479; 951 NW2d 704 (2020) (SWARTZLE, J., concurring). It is plain error for a trial court to fail to inform a respondent of these rights when she pleads at the adjudicative stage. *In re Ferranti*, 504 Mich at 30.

Respondent is also required, however, to demonstrate that this error affected her substantial rights and affected the outcome of the lower court proceedings. See *Carines*, 460 Mich at 763; *In re Pederson*, 331 Mich App at 470-471. Even though the case proceeded after respondent entered her plea, and the trial court terminated her parental rights, there is no indication that the outcome of the case would have been different. The trial court did not terminate respondent's parental rights based on the initial petition. Rather, the trial court was presented with evidence throughout the proceedings that respondent had not maintained employment or obtained Social Security Insurance or disability during the pendency of the case, and she had tested positive for methamphetamine and amphetamine use shortly before the termination hearing. The trial court terminated respondent's parental rights because of those facts, among others. Respondent has not shown how the trial court's failure to inform her of all of her rights at the adjudicative stage

prejudiced her when the evidence at the termination hearing primarily concerned events that occurred after respondent-mother's plea. The error was therefore harmless.

## III. CONCLUSION

The trial court did not err when it considered the entirety of respondent's conduct before the petition was filed, and the trial court properly considered the factors contained in MCR 3.965(C)(2) when placing the children in foster care. Even though the trial court erred in not advising respondent of the entirety of her rights under MCR 3.971(B) before she entered her plea, the error was harmless because the outcome of the proceedings would not have been different but-for the trial court's error.

Affirmed.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock